**EFiled: Jun 29 2016 02:13PM EDT**
**Transaction ID 59209998**
**Case No. Multi-Case**

# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

June 29, 2016

R. Bruce McNew, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 North Grant Avenue, Suite 100
Wilmington, DE 19806

David A. Jenkins, Esquire
Smith, Katzenstein & Jenkins LLP
800 Delaware Avenue, Suite 1000
Wilmington, DE 19801

Re: *The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
C.A. No. 7048- VCS
Date Submitted: May 23, 2016

Dear Counsel:

Plaintiff, The Ravenswood Investment Company, L.P. ("Ravenswood" or "Plaintiff"), has brought a Motion to Alter or Amend a Judgment and/or for Reargument (the "Motion") challenging the Court's Order denying its motion to amend the complaint. For the reasons that follow, the Motion is denied.

Ravenswood is a stockholder of Nominal Defendant, Winmill & Co. Inc. ("Winmill"). Ravenswood's initial complaint, filed nearly eight years ago, alleged in direct and derivative claims that members of Winmill's board of directors ("the Board") breached their fiduciary duties by, *inter alia*, adopting and then

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 7048- VCS
June 29, 2016
Page 2

implementing a performance equity plan ("PEP") that grants key Winmill employees the option to purchase Winmill Class A common stock. In 2006, Winmill granted approximately 305,000 options overwhelmingly, if not exclusively, to the members of the Board named as defendants in this lawsuit. According to Plaintiff, the PEP was part of a self-interested effort by Board members to extract benefits for themselves to the exclusion and detriment of Winmill's other stockholders and to the detriment of Winmill itself.

In June 2011, Defendants produced documents which, according to Plaintiff, reveal that the written consents by which the PEP was authorized may have been signed by members of the Board after the date on which the PEP was approved (the "date discrepancy").[1] Plaintiff now seeks to amend the complaint to add new claims and to supplement existing claims based on the date discrepancy.

The procedural history of this case includes a motion to dismiss, a motion for reargument, a motion to amend (after the decision on the merits of the motion

---

[1] These documents were contained within a document production comprising 392 pages. *See* Defs.' Answering Br. in Opp'n to Pl.'s Mot. for Leave to Amend its Compl. Ex. E.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 7048- VCS
June 29, 2016
Page 3

to dismiss) and a motion for partial summary judgment.[2]   The motion for reargument, motion to amend and motion for partial summary judgment all were filed or presented to the Court after the date on which the consents with the date discrepancy were produced.  Nevertheless, Plaintiff made no mention of a potential amendment to the pleadings based on this new information in any of these motions.  Instead, the first mention of a desire to amend the complaint to add claims based on the date discrepancy appears in Plaintiff's most recent motion to amend filed on February 2, 2016.

The principal signatory to the written consents Plaintiff now seeks to challenge, Bassett Winmill, died on May 15, 2012.  He is not, consequently, able

---

[2] *See Ravenswood Inv. Co., L.P. v. Winmill*, 2011 WL 2176478 (Del. Ch. May 31, 2011) (granting in part a motion to dismiss multiple claims in the initial complaint, but denying the motion with respect to certain claims relating to the PEP); *Ravenswood Inv. Co., L.P. v. Winmill*, 2011 WL 6224534 (Del. Ch. Nov. 30, 2011) (denying a motion to amend under Court of Chancery Rule 15(aaa) since Plaintiff chose to resist Defendants' motion to dismiss rather than amend its complaint, and also denying Plaintiff's motion for reargument of the Court's decision on the motion to dismiss because many of Plaintiff's challenges merely restated previously-made arguments or attempted to raise new ones). In addition to the motion practice in this action, the parties have litigated parallel actions for books and records pursuant to 8 *Del. C.* § 220.  The first Section 220 action was initiated in 2008 and dismissed in late 2011.  A second books and records action was initiated later in 2011 and is pending.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 7048- VCS
June 29, 2016
Page 4

to assist the Defendants in the defense of any new or restyled claims based on the alleged date discrepancy. Plaintiff has offered no explanation as to why it sat on the evidence relating to the date discrepancy, or any claims arising from the date discrepancy, for nearly five years.

Defendants opposed the motion to amend on several grounds, including Court of Chancery Rule 15(aaa),[3] futility and laches. While noting that Defendants' argument that the proposed amendment is barred by Rule 15(aaa) "ha[d] merit,"[4] the Court ultimately denied the motion to amend on laches and delay grounds. Specifically, the Court concluded that Plaintiff had engaged in extraordinary and unjustifiable delay in seeking to bring claims based on the date discrepancy and that the delay had caused real prejudice to the Defendants since

---

[3] As noted, Plaintiff opposed the Defendants' initial motion to dismiss rather than seeking to amend its complaint. According to Defendants, Plaintiff could and should have raised the date discrepancy issue in an amended pleading in response to the initial motion to dismiss. It did not do so. Nor did it raise the issue in its motion to reargue the Court's decision granting, in large part, the motion to dismiss, or in its subsequent, unsuccessful attempt to amend its complaint in disregard of Rule 15(aaa).

[4] *Ravenswood Inv. Co., L.P. v. Winmill*, C.A. No. 3730-VCS, at 107 (Del. Ch. May 12, 2016) (TRANSCRIPT) (hereinafter Tr. ).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 7048- VCS
June 29, 2016
Page 5

Mr. Winmill was no longer alive and able to assist in the defense of claims relating to consents he is alleged to have "backdated."

Plaintiff now seeks to amend or alter the Court's "judgment" and/or to reargue the Court's decision denying the motion to amend pursuant to Court of Chancery Rules 59(e) and (f).  According to Plaintiff, the Court's decision imposed a heretofore unrecognized duty on a plaintiff "to identify to its opponent *sua sponte* its contentions of law and fact, in a 'reasonable' time period, or risk being barred from presenting those in the event . . . a source of evidence is lost to all the parties due to unanticipated events."[5]  Plaintiff's Motion is flawed on several grounds.

First, Plaintiff has improperly raised a new argument on a Rule 59 motion that it should have presented in connection with its motion to amend.  The Court's ruling on the motion to amend expressly adopted the Defendants' laches, delay and prejudice arguments.  Contrary to the Plaintiff's characterization of the ruling, the Court did not raise a new issue or rely upon a ground not addressed by the parties

---

[5] Motion ¶ 7.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 7048- VCS
June 29, 2016
Page 6

in their briefs. The Plaintiff's allegations on reargument, therefore, should have been raised, at the latest, in its reply brief as a response to either or both of the laches or Rule 15(aaa) arguments raised by the Defendants. Consistent with past practice, Plaintiff once again has failed to present its claims or arguments in a timely manner. The Court will not permit Plaintiff to employ Rule 59 as a vehicle to present arguments that it should have raised before.[6]

Second, Plaintiff has conflated the concepts of "fault" and "prejudice" when addressing the impact of its delay in bringing its latest motion to amend. Plaintiff's principal argument suggests that since Mr. Winmill's unavailability is due to an "unanticipated event" (his passing), Plaintiff's delay in bringing its motion to amend cannot form the basis of the kind of prejudice that would justify denying leave to amend. Plaintiff is wrong. The Court will focus on Plaintiff's conduct

---

[6] *See Oliver v. Bos. Univ.,* 2006 WL 4782232, at *3 (Del. Ch. Dec. 8, 2006) (quoting *Magid v. Acceptance Ins. Cos., Inc.,* 2001 WL 1641238, at *1 (Del. Ch. Dec. 10, 2001) (holding that a "[motion for reargument] may not be grounded on a new issue or contention that could have been raised" in connection with the underlying motion or trial).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
   C.A. No. 7048- VCS
June 29, 2016
Page 7

when assessing the cause of the delay, [7] but will focus on the impact, not the cause, of the delay when assessing prejudice.[8]

Third, Plaintiff has misconstrued the premise of the Court's ruling. Specifically, Plaintiff appears to suggest that the Court acknowledged that the proposed amendments did no more than provide an accent to existing claims but, nevertheless, denied the Plaintiff the opportunity to expand on facts already pled in the complaint. While it is true that the Court noted that the date discrepancy allegations related to a broader theme raised in the initial complaint (that the Defendants had breached their fiduciary duties in connection with the adoption and implementation of the PEP), the Court also was clear that, based on the multiple new counts set forth in the proposed amended complaint and the manner in which the facts relating to the date discrepancy were pled, it viewed these new allegations

---

[7] 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1488 (3d ed. 2016). Of course, in this case, Plaintiff has offered no explanation for its delay in seeking to amend its complaint based on evidence produced in the litigation five years ago. In this regard, Plaintiff has offered nothing for the Court to assess.

[8] *Id.* (noting that the "risk of substantial prejudice increases with the passage of time" and listing cases where delay caused unanticipated but substantial prejudice justifying denial of leave to amend).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 7048- VCS
June 29, 2016
Page 8

as an attempt to support "new claims" as well as an effort to supplement existing claims.[9]  Through its proposed amendment, Plaintiff sought to do much more than "identify to its opponent *sua sponte* its contentions of law and fact" "relating to an existing claim."[10]  The proposed amendment sought to bring new claims into a case that has been pending for nearly eight years based on evidence Plaintiff has sat on for nearly five years.[11]

Fourth, and finally, it is now clear that Plaintiff fundamentally misapprehends Court of Chancery Rule 1 and its obligations under Rules 8 and 15. As for Rule 1, nothing in the manner in which Plaintiff has pursued its pleading

---

[9] Tr. 103, 104.

[10] Motion ¶¶ 5, 7.

[11] Based on the extraordinary, unexplained delay, and the prejudice to the Defendants, the Court concluded that it was appropriate to take the unusual step of barring the proposed amendments on laches grounds.  Given the state of this record, the Court was satisfied that no discovery or further development of the record would assist the Court in its determination that Plaintiff had been aware of the date discrepancy since 2011, had unreasonably delayed in seeking to amend its complaint based on this information and that the delay would cause real prejudice to the Defendants should the Court allow the proposed amendments to stand.  *See Steele v. Ratledge*, 2002 WL 31260990, at *2–3 (Del. Ch. Sept. 20, 2002) (stating the elements of laches).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 7048- VCS
June 29, 2016
Page 9

and motion practice thus far reveals a desire to achieve a "just, speedy and inexpensive determination" of this proceeding.[12]   Instead, as already discussed, Plaintiff has disregarded Rule 15(aaa) and Rule 59 previously in this litigation. Plaintiff's current motion not only again flouts Rule 59, it also reveals indifference for Plaintiff's obligations under Rule 8 and Rule 15(a) that cannot be condoned.

As for Rule 8, Plaintiff seems unaware, or at least unwilling to acknowledge, that the purpose of a complaint is to place a defendant on notice of the claims against him and of the relief the plaintiff seeks from the Court.[13]  Pleadings are not instruments to be wielded in a game of "gotcha"; Rule 8 contemplates that the pleader will state, at the least, the "circumstances, occurrences, and events in support of the claim presented."[14]  In the face of this elemental bedrock of civil procedure, Plaintiff's apparent reluctance timely to "identify . . . its contentions of . . . fact" is, to say the least, disquieting.

---

[12] Ct. Ch. R. 1.

[13] Ct. Ch. R. 8(a).

[14] 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1202 (3d ed. 2016).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett N. Winmill*;
  C.A. No. 7048- VCS
June 29, 2016
Page 10

As for Rule 15(a), Plaintiff ignores that while "[l]iberality of amendment to a pleading is a tradition in the courts of this State," this Court routinely denies leave to amend under Rule 15 when the amendment will cause "serious prejudice to one opposing the motion . . . ."[15] As then-Chancellor Duffy so aptly stated, "[a]ll things have their season and, as I see it, the season for new factual allegations (of the dimensions proposed) has ended in this case."[16]

Based on the foregoing, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[15] *Bowl-Mor Co., Inc. v. Brunswick Corp.,* 297 A.2d 61, 63 (Del. Ch. 1972) (denying motion to amend brought over six years into the litigation on the ground that the delay would cause "serious prejudice" to the defendant).

[16] *Id.*